1
2
Jeff Katofsky, Esq. (SBN 138773)
jeff@katofskylaw.com
KATOFSKY LAW
3
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403 – Tel: 818-990-475
4
5
Attorneys for Defendant In Interpleader:
HK LANE LA QUINTA, INC.
6

7       **UNITED STATES BANKRUPTCY COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA**

9       **RIVERSIDE DIVISION**

10

11  HK LANE PALM DESERT, INC.                    Case #: 6:24-ap-01133-SY

12                                               DEFENDANT-IN-INTERPLEADER HK
          Debtor,                                LANE LA QUINTA, INC.S MOTION TO
13                                               DISMISS PLAINTIFF-IN-INTERPLEADER
    _____          WRE SOCAL, INC D/B/A WINDERMERE
14  WRE SOCAL INC. D/B/A WINDERMERE              DESERT PROPERTIES COMPLAINT IN
    DESERT PROPERTIES                            INTERPLEADER PURSUANT TO FRCP
15                                               12(b)(1) AND 12(B)(6); DECLARATION OF
          Plaintiff-In-Interpleader             JEFF KATOFSKY; EXHIBITS
16
          v.
17
    HK LANE LA QUINTA, INC. AND
18  ARTURO CISNEROS, CHAPTER 7
    TRUSTEE,
19
          Defendants in Interpleader
20

21       **PLEASE TAKE NOTICE THAT** Defendant in Interpleader, HK Lane La Quinta, Inc.,

22  ("Defendant") will, and hereby does, move for an order dismissing Plaintiff-in-Interpleader

23  Windermere Desert Properties Complaint in Interpleader.

24       The complaint must be dismissed under FRCP 12(b)(1) where the Court lacks subject-

25  matter jurisdiction, including where no justiciable controversy exists. Alternatively, the complaint

26  must be dismissed under FRCP 12(b)(6) where it fails to state a claim upon which relief can be

27  granted.

28

1          This motion is based upon this Notice of Motion, the Memorandum of Points and

2    Authorities, the Declarations of Jeff Katofsky, Esq. in support, exhibits attached thereto, the court

3    file and oral arguments presented at the time of the hearing on the within motion.

4

5    DATED:  January 14, 2026                KATOFSKY LAW

6

7                                      By: _____
                                       Attorney for Defendant in Interpleader

8                                      HK LANE LA QUINTA, INC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

| DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES COMPLAINT | 2 | |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.  INTRODUCTION

3    Plaintiff WRE SoCal, Inc. ("Plaintiff") filed this adversary proceeding asserting a claim for

4  interpleader based on the allegation that it received "competing and adverse demands" from HK

5  Lane La Quinta, Inc. ("HKLLQ") and the Chapter 7 Trustee for payments allegedly due under a

6  promissory note. That allegation is demonstrably false based on Plaintiff's own pre-filing

7  correspondence.

8    As the Trustee made unequivocally clear before the Complaint was filed, the Trustee has

9  **not made a demand for payment**, has not asserted a claim to the note payments, and has not taken

10  a position regarding entitlement to the funds. Instead, the Trustee merely advised Plaintiff that he

11  was conducting a statutory investigation and reserved his rights under the Bankruptcy Code.

12  Plaintiff nonetheless filed this action, falsely as a statutory matter of right, alleging adverse

13  demands and seeking sweeping relief that would improperly restrain the Trustee's statutory duties.

14  Because interpleader requires actual, existing adverse claims and because this Court lacks

15  jurisdiction to enjoin or "discharge" a bankruptcy trustee from future statutory causes of action the

16  Complaint must be dismissed.

17

### II.  FACTUAL BACKGROUND

18    Prior to filing the Interpleader Complaint, Plaintiff's counsel and counsel for the Trustee

19  exchanged extensive written correspondence. On December 22, 2025, Trustee's counsel expressly

20  stated (1) the Trustee **has not made a demand for payments** under the note (2) **has not asserted a**

21  **claim** to those payments; and (3) Trustee's investigation remains ongoing pursuant to his statutory

22  duties. [Declaration of  Jeff Katofsky ("Jeff Decl.") ¶ 3, Exh. "A".] Trustee's counsel further

23  warned that Plaintiff's assertion of "competing and adverse demands" would be false if pled. ("Jeff

24  Decl. ¶ 3, Exh. "A"). Despite this, Plaintiff filed the Interpleader Complaint alleging: "Plaintiff has

25  received competing and adverse demands… from (a) HKLLQ… and (b) the Trustee asserting that

26  payments should be made to or for the benefit of the Debtor's bankruptcy estate." (Interpleader

27  Complaint ¶ 12.) All of this is false. That allegation directly contradicts the written record.

28

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA,
INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A
WINDERMERE DESERT PROPERTIES COMPLAINT

3

1  Plaintiff's counsel later conceded in writing that if the Trustee was "not making any claim on the

2  funds," dismissal would be appropriate but nevertheless filed the Complaint anyway. ("Jeff Decl. ¶

3  3, Exh. "A").

4  **III. LEGAL STANDARD**

5     A complaint must be dismissed under FRCP 12(b)(1) where the Court lacks subject-matter

6  jurisdiction, including where no justiciable controversy exists. A complaint must be dismissed

7  under FRCP 12(b)(6) where it fails to state a claim upon which relief can be granted, including

8  where essential elements of the cause of action are absent or contradicted by judicially noticeable

9  facts.

10  **IV. ARGUMENT**

11  **A. The Complaint Must Be Dismissed Because No Actual or Existing Adverse Claims**

12  **Exist**

13     Interpleader is an extraordinary equitable remedy available only where a stakeholder faces

14  actual, existing, and competing adverse claims to the same fund. *Libby, McNeill & Libby v. City*

15  *Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978). A speculative, hypothetical, or contingent possibility

16  of a future claim is insufficient. The stakeholder's fear of multiple liability must be real and

17  reasonable not conjectural. *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir.

18  2012).

19     Here, Plaintiff alleges that it received "competing and adverse demands" from HKLLQ and the

20  Chapter 7 Trustee. That allegation is flatly contradicted by the written record and fails as a matter of

21  law. Before this action was filed, the Trustee expressly advised Plaintiff's counsel that (1) the

22  Trustee has not made a demand for payments under the note (2) has not asserted a claim to those

23  payments; and (3) Trustee's investigation remains ongoing pursuant to his statutory duties.

24     A party that has not asserted entitlement to the stake and has expressly disclaimed any present

25  claim is not an adverse claimant for purposes of interpleader. *Indianapolis Colts v. Mayor of*

26  *Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984). Because the Trustee has not asserted a claim to the

27  funds, Plaintiff faces no risk of multiple liability, and the interpleader claim fails as a matter of law.

28

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA,     4
INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A
WINDERMERE DESERT PROPERTIES COMPLAINT

1

2    **B.  The Complaint Is Not Ripe and Fails to Present a Justiciable Case or Controversy**

3    Article III jurisdiction requires a concrete and ripe dispute. Claims based on contingent future

4    events that may never occur are non-justiciable. *Texas v. United States*, 523 U.S. 296, 300 (1998).

5    Here, Plaintiff seeks judicial relief based on nothing more than the Trustee's statutory obligation

6    to investigate and his reservation of rights. That is not a ripe controversy. The Complaint therefore

7    must be dismissed without leave to amend.

8    **C. Interpleader Cannot Be Used to Enjoin or "Discharge" a Bankruptcy Trustee From**

9    **Statutory Duties**

10    Plaintiff seeks an order discharging it from "any further liability" and enjoining the Trustee

11    from prosecuting future actions. This relief is legally impermissible. A Chapter 7 trustee's duties

12    arise directly from statute and include investigating the debtor's financial affairs and pursuing

13    avoidance or recovery actions where appropriate. 11 U.S.C. § 704.

14    Courts have repeatedly held that interpleader cannot be used to strip a trustee of these duties or

15    immunize a party from future Bankruptcy Code claims:  A trustee's powers and duties arise from

16    statute and cannot be contractually or equitably stripped away. See *In re AFI Holding, Inc.*, 530

17    F.3d 832, 844 (9th Cir. 2008).

18    Plaintiff's requested relief exceeds the scope of interpleader and invades core bankruptcy

19    functions. The Complaint must therefore be dismissed, or at minimum, the improper relief stricken.

20    **D.  Plaintiff's Attempt to Use a Single Installment to Seize Court Control Over All Future**

21    **Payments Is Improper and Requires Dismissal**

22    Even assuming arguendo that a single installment payment could support interpleader (it cannot

23    here), Plaintiff's Complaint goes far beyond any permissible scope by attempting to bring all future

24    payments under the Note through May 2028 within this Court's control. Interpleader is limited to

25    specific, presently disputed funds. It may not be used to adjudicate or restrain rights to future,

26    unmatured obligations, particularly where no competing claim has been asserted.

27    Courts consistently reject efforts to use interpleader as a mechanism to obtain blanket relief over

28

1   future payments.

2        "As a general rule, when a sum of money is involved, a district court has no jurisdiction of

3   an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the

4   claimants. Section 1335 gives the district courts jurisdiction over such actions when a

5   stakeholder has in his possession money or property 'of the value of $500 or more,' if 'two or

6   more * * * claimants * * * are claiming or may claim to be entitled to such money or property'

7   and if the stakeholder 'has deposited such money * * * into the registry of the court.' This

8   language means that the court will not have jurisdiction in an action of interpleader unless the

9   stakeholder has deposited the entire sum in its possession which the claimants claim. See New

10  York Life Ins. Co. v. Lee, 9 Cir., 232 F.2d 811, 814-815; Austin v. Texas-Ohio Gas Co., 5 Cir.,

11  218 F.2d 739, 745; Westinghouse Elec. Corp. v. United Elec. Corp., 3 Cir., 194 F.2d 770, 772;

12  John Hancock Mut. Life Ins. Co. v. Yarrow, D.C.W.D. Pa., 95 F.Supp. 185, 187; Connecticut

13  General Life Ins. Co. v. Yaw, D.C.W.D.N.Y., 53 F.2d 684."

14      <u>Metal Transp. Corp. v. Pac. Venture S. S. Corp.</u>, 288 F.2d 363, 365 (2d Cir. 1961)

15  Because Plaintiff has not deposited the full amount allegedly in dispute, the Court lacks

16  jurisdiction to grant the relief requested. (Interpleader Complaint ¶ 9-14.) Interpleader cannot be

17  used to obtain global immunity while retaining control over future obligations. Plaintiff must be

18  required to deposit the entire amount allegedly in controversy as a prerequisite to proceeding.

## IV.    **CONCLUSION**

20      Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's

21  interpleader action without leave to amend or alternatively, if denied Plaintiff must be required to

    deposit the entire amount allegedly in controversy as a prerequisite to proceeding.

23  DATED: January 14, 2026                    KATOFSKY LAW

25                                             By
26                                             Attorney for Defendant in Interpleader
                                               HK LANE LA QUINTA, INC.

27

28  DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA,          6
    INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A
    WINDERMERE DESERT PROPERTIES COMPLAINT

1

### DECLARATION OF JEFF KATOFSKY, ESQ.

2

1.  I am an attorney at law licensed to practice in the State of California and am the principal

3

of Katofsky Law, attorney for Defendant in Interpleader, HK Lane La Quinta, Inc ("Debtor") in

4

this action. The facts stated herein are true of my own knowledge, and if called as a witness to

5

testify I could and would competently testify thereto.

6

2.  I hereby submit this Declaration in support of HK Lane La Quinta, Inc's Motion to

7

Dismiss Plaintiff in Interpleader's Complaint.

8

3.  From December 22, 2025 through December 24, 2025 several emails were exchanged

9

considering Plaintiff In Interpleader's Complaint. A true and correct copy is attached hereto as

10

**Exhibit A.**

11

    I declare under penalty of perjury under the laws of the State of California that the

12

foregoing is true and correct. Executed this 14th   day of January, 2026 at Sherman Oaks,

13

California.

14

_____

Jeff Katofsky, Esq.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA,
INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A
WINDERMERE DESERT PROPERTIES COMPLAINT

# EXHIBIT A

**Wednesday, January 14, 2026 at 10:03:57 AM Pacific Standard Time**

**Subject:** In re HK Lane
**Date:** Thursday, October 30, 2025 at 3:20:18 PM Pacific Daylight Time
**From:** Tom Casey <tomcasey@tomcaseylaw.com>
**To:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**CC:** Jeff Katofsky <jeff@katofskylaw.com>

Bernie,

I add one more point to my below email. By your below email dated October 24, 2025 to me you asked "…do we need the deposition, or would you like to make a demand on us…." As you know, I did not make a demand on your client despite your invitation to do so.

Tom

**For more information about The Law Office of Thomas H. Casey, Inc., please log on to https://tomcaseylaw.com**

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Phone: (949) 766-8787, ext. 102
Fax:     (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

**From:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Sent:** Friday, October 24, 2025 3:29 PM
**To:** Tom Casey <tomcasey@tomcaseylaw.com>
**Cc:** Marissa Silva <msilva@tomcaseylaw.com>; Ledgerwood, Garrett <Garrett.Ledgerwood@MillerNash.com>
**Subject:** RE: Windemere

Tom,

We're still working on the payment issue, but as to the deposition, we cannot do November 11. We can offer Nov 25, or Dec 1, Dec 2. My personal preference would be the two December dates, but wanted to try to offer some flexibility.

Again, we'd like to avoid a deposition and litigation, but it sounds like the Trustee may believe he has claims.  If so, do we need the deposition, or would you like to make a demand on us and I can discuss with the client.

Bernie

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct*: 562.247.7622 | *Office*: 562.435.8002
**Email** | **Bio** | **Insights** | **Website**

*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: **please click this link**.*

**From:** Tom Casey
**Sent:** Thursday, October 30, 2025 3:01 PM
**To:** 'Kornberg, Bernie' <Bernie.Kornberg@MillerNash.com>
**Cc:** 'Jeff Katofsky' <jeff@katofskylaw.com>
**Subject:** In re HK Lane

Bernie,
This email confirms what I told you moments ago on our phone call as follows:
  1. The Trustee has not filed suit against Windemere at this time;
  2. On behalf of the Trustee of the Windemere bankruptcy estate I continue to investigate the Trustee's potential causes of action through the Bankruptcy Rule 2004 examination process. As you recall Windemere has produced documents to me and the Trustee's 2004 exam of Windemere was continued by stipulation to December 1, 2025; and
  3. The Trustee has not requested Windemere file an interpleader action.
Tom Casey

**For more information about The Law Office of Thomas H. Casey, Inc., please log on to https://tomcaseylaw.com**

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691

Phone: (949) 766-8787, ext. 102
Fax:     (949) 766-9896

***Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.***

**Monday, December 29, 2025 at 8:52:46 AM Pacific Standard Time**

**Subject:** RE: In re HK Lane Palm Desert, Inc.; Interpleader Complaint Filed Against Bankruptcy Trustee A. Cisneros
**Date:** Wednesday, December 24, 2025 at 8:43:04 AM Pacific Standard Time
**From:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**To:** Tom Casey <tomcasey@tomcaseylaw.com>
**CC:** Jeff Katofsky <jeff@katofskylaw.com>

Tom,

I think we're speaking at cross-purposes.  I am not seeking to do any of these things.  Lets have a call after Christmas to discuss.

Thanks,

Bernie

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct*: 562.247.7622 | *Office*: 562.435.8002
Email | Bio | Insights | Website
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

**From:** Tom Casey <tomcasey@tomcaseylaw.com>
**Sent:** Tuesday, December 23, 2025 5:52 PM
**To:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Cc:** Jeff Katofsky <jeff@katofskylaw.com>
**Subject:** In re HK Lane Palm Desert, Inc.; Interpleader Complaint Filed Against Bankruptcy Trustee A. Cisneros

[EXTERNAL MESSAGE: This email originated from outside of the firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Bernie Kornberg with copy to Jeff Katofsky,
I am in receipt of your below email.  Respectfully, the Trustee maintains his position stated in my below email.  Your below email cites to legal authority that is not persuasive legal authority for a number of reasons.  The Bankruptcy Code applies and trumps your cited legal authority.  The Lincoln National case is not a bankruptcy case and does not involve the Bankruptcy Code or a bankruptcy trustee.  Your below email and your citation to one case from the State of Washington do not address key terms of the Bankruptcy Code and the statutory

1 of 5

mandate of a bankruptcy trustee's statutory duty per Section 704.  Please provide legal authority providing that:

1. An interpleader action can strip a bankruptcy trustee of his statutory duties per Section 704 to investigate and if appropriate, file causes of action for the benefit of creditors;

2. An interpleader action can enjoin a bankruptcy trustee from filing a potential cause of action against a potential defendant before a bankruptcy trustee completes his investigation per his rights under FRBP 2004;

3. An interpleader action can ignore Section 550 and enjoin a bankruptcy trustee from filing a potential cause of against a potential defendant who received all of the Debtor's assets and who may have received them without exchanging reasonably equivalent value; and

4. An interpleader action can ignore several sections of the Bankruptcy Code including Section 550 and discharge from all liability a potential defendant when that defendant received all of the Debtor's assets and may be an initial transferee per Section 550.

Tom

**For more information about The Law Office of Thomas H. Casey, Inc., please log on to** https://tomcaseylaw.com

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Phone: (949) 766-8787, ext. 102
Fax:    (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

**From:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Sent:** Tuesday, December 23, 2025 1:25 PM
**To:** Tom Casey <tomcasey@tomcaseylaw.com>
**Cc:** jeff@katofskylaw.com; Piper, Josh <Josh.Piper@MillerNash.com>
**Subject:** RE: In re HK Lane Palm Desert, Inc.; Complaint Filed Against Bankruptcy Trustee A. Cisneros

Tom and Jeff,

As Tom has noted, we have filed the interpleader complaint as this matter seems to be continuing without an immediate resolution and the next payment is coming due at the end of January.  Service is being effected per Code today, but attached are courtesy copies of the complaint package.

As to Tom's comments:

As to 1, if I am incorrect and the Trustee is not making any claim on the funds, then I will prepare a stipulation to that effect which will result in a dismissal of the adversary proceeding.  Please advise if that is the case, and I will have that drafted shortly after Christmas.  If the Trustee is not willing to stipulate, then it appears that the Trustee is in fact taking the position that if he is not making a claim on the funds now, he may in the future, which is sufficient for an interpleader claim.  See Lincoln Nat'l Life Ins. Co. v. Ridgway, 293 F. Supp. 3d 1254, 1260 (W.D. Wash. 2018).

As to 2, the interpleader complaint only seeks a discharge as to funds deposited and does not seek to adjudicate issues outside of that.  So this objection is equally unwarranted.  I will also note that once again the Trustee is stating he reserves the right to make a claim to the funds at issue, which once again is the entire basis for interpleader.

Please note that I find the Trustee's continued objections baffling here.  All we propose to do is take the money and put it in deposit with the Court, something that generally most parties who may make a claim on funds prefer.  Regardless, the law clearly allows such an interpleader action.  Should you bring Rule 9011 sanctions, we will seek prevailing fees under Rule 9011(c)(2)(c)

Bernie


**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct*: 562.247.7622 | *Office*: 562.435.8002
**Email** | **Bio** | **Insights** | **Website**

*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: **please click this link**.*

**CONFIDENTIALITY NOTICE:** This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

----------------------------------

**From:** Tom Casey <tomcasey@tomcaseylaw.com>
**Sent:** Monday, December 22, 2025 2:40 PM
**To:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Cc:** jeff@katofskylaw.com
**Subject:** In re HK Lane Palm Desert, Inc.; Complaint Filed Against Bankruptcy Trustee A. Cisneros

[EXTERNAL MESSAGE: This email originated from outside of the firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Bernie Kornberger with a copy to Jeff Katofsky,

I am in receipt of the attached Interpleader Complaint you filed on behalf of Windemere naming the Bankruptcy Trustee and HK Lane La Quinta, Inc. as Defendants.  Your interpleader Complaint violates Rule 9011 on at least two grounds:

1. Your Interpleader Complaint falsely states at paragraph 12 ""Plaintiff has received competing and adverse demands for the January 31, 2026 payment, and all future payments due under the Note from (a)  HKLLQ asserting entitlement to all payments due under the Note and (b) the Trustee asserting that payments should be made to or for the benefit of the estate."  Paragraph 17 is also false and alleges the Trustee has made claims to the payments due under the Note.  Per my prior email communications to you I clearly advised you the Bankruptcy Trustee has not made such a demand upon Windemere.

2. The Interpleader Complaint at paragraph 20 alleges upon deposit of the funds in the Court registry Plaintiff Windemere should be discharged from any further liability to the Defendants and an injunction should be issued against the Trustee and HK Lane La Quinta, Inc restraining them from prosecuting any action against Plaintiff Windemere.  The Trustee has a statutory and fiduciary duty to prosecute future, potential causes of action against Plaintiff Windemere and related parties if the Trustee finds in the future such causes of action to be appropriate.  Again, the Trustee has not made that determination and his investigation in ongoing.  Paragraph 20 is not warranted in law or fact.  No basis in law or fact exists for your requested relief of a "discharge" and for an injunction against the Trustee enjoining him from filing future potential causes of action per his statutory duty if the Trustee finds it appropriate to do so.

Your Complaint violates Rule 9011. If the Interpleader Complaint is not immediately dismissed the Bankruptcy Trustee will seek the appropriate legal redress against you and your Plaintiff client per Rule 9011.

Tom Casey

**For more information about The Law Office of Thomas H. Casey, Inc., please log on to** https://tomcaseylaw.com

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Phone: (949) 766-8787, ext. 102
Fax:    (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

PROOF OF SERVICE

COUNTY OF LOS ANGELES )
                                          ) ss.
STATE OF CALIFORNIA )

     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 4558 Sherman Oaks Avenue, Sherman Oaks, CA 91403.

     On 1/14/2026, I served the foregoing document described as DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS PLAINTIFF-IN-INTERPLEADER WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES COMPLAINT IN INTERPLEADER PURSUANT TO FRCP 12(b)(1) AND 12(B)(6)
as follows:

**XX ELECTRONIC MAIL:** by sending a PDF copy of the above-referenced document to the e-mail addresses listed on the caption of parties' pleadings as follows:

Bernard J Kornberg
Miller Nash LLP
***bernie.kornberg@millernash.com***

Thomas Casey
The Law Offices of Thmas H. Casey, Inc.
***tomcasey@tomcaseylaw.com***

**United States Trustee (RS)**                   **Via U.S. Mail**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

**XX U.S. MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 1/14/2026, at Sherman Oaks, California.

                                Shant Vayvayan

| DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES COMPLAINT | 8 | |