MILLER NASH LLP
Bernie Kornberg
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone:    562.435.8002
Facsimile:    562.435.7967

Attorneys for Plaintiff
WRE SoCal, Inc., d/b/a Windermere Desert Properties

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| HK LANE PALM DESERT, INC.,<br><br>Debtor | Case No. 6:24-bk-13474-SY<br><br>Chapter 7<br><br>Adv No. 6:25-ap-01133-SY |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES,<br><br>Plaintiff-In-Interpleader,<br><br>v.<br><br>HK LANE LA QUINTA, INC. AND ARTURO CISNEROS, CHAPTER 7 TRUSTEE,<br><br>Defendants in Interpleader. | **MOTION OF WRE SOCAL, INC. TO DEPOSIT QUARTERLY NOTE PAYMENTS AND FOR DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    February 5, 2026<br>Time:    9:30 a.m.<br><br>Judge:    Hon. Scott H. Yun |

Plaintiff-in-Interpleader WRE SoCal, Inc., d/b/a Windermere Desert Properties ("Plaintiff") hereby moves the Court for leave to deposit quarterly note payments as they come due into the registry of the Court and pursuant to Rule 7067 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and for discharge from further liability pursuant to 28 U.S.C. § 2361 and Bankruptcy Rule 7022. The grounds for this motion are set forth in the accompanying

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

4924-8032-2184.2

1 | memorandum of points and authorities, the declarations of Anthony Jackson and of Bernard
2 | Kornberg, and the papers and pleadings filed in this proceeding.
3
4 | Dated: January 15, 2026                    MILLER NASH LLP
5
6 |                                            By:  /s/Bernie Kornberg
7 |                                                 Bernie Kornberg
8 |                                                 Attorneys for Plaintiff
                                                    WRE SoCal, Inc., d/b/a Windermere
9 |                                                 Desert Properties

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4924-8032-2184.2

- 2 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 5

II.  PERTINENT FACTS .......................................................................................................... 5

III. ARGUMENT ....................................................................................................................... 6
    A.   The Court Should Grant Plaintiff's Request to Deposit Note Payments ................ 6
    B.   The Court Should Grant Plaintiff's Request For Discharge ................................... 8
    C.   Plaintiff Reserves Its Rights to Seek Award of Attorney Fees ............................... 8

IV.  CONCLUSION .................................................................................................................... 8

Miller Nash LLP
Attorneys at Law
Long Beach

4924-8032-2184.2

- 3 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re 1563 28th Ave., San Francisco, CA 94112*,
    333 F.R.D. 630 (N.D. Cal. 2019) ............................................................................... 8

*Abex Corp. v. Ski's Enters., Inc.*,
    748 F.2d 513 (9th Cir. 1984) ...................................................................................... 8

*Am. Gen. Life Ins. Co. v. Hart*,
    2017 WL 1370721 (N.D. Cal. Apr. 7, 2017) .............................................................. 8

*Methven and Assocs. v. Paradies-Stroud*,
    2014 WL 231654 (N.D. Cal. Jan. 21, 2014) .............................................................. 7

*Michelman v. Lincoln Nat. Life Ins. Co.*,
    685 F.3d 887 (9th Cir. 2012) ...................................................................................... 7

**Statutes**

28 U.S.C. § 2361 ............................................................................................................ 1, 8

**Other Authorities**

Fed. R. Bankr. P. 7022 .................................................................................................... 1, 6

Fed. R. Banpr. P. 7067 .................................................................................................... 1, 7

Fed. R. Civ. P. 22 ................................................................................................................ 6

Fed. R. Civ. P. 67 ................................................................................................................ 7

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4924-8032-2184.2

- 4 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter involves an action to resolve competing claims to quarterly amounts due under a Promissory Note dated June 9, 2023 (the "Note") made by Plaintiff in favor of Defendant HK Lane La Quinta, Inc. ("HKLLQ").

Because of competing and adverse demands for payment of amounts coming due under the Note from, on the one hand, HKLLQ and, on the other hand, Defendant Arturo Cisneros, Chapter 7 Trustee (the "Trustee") in the above-captioned chapter 7 bankruptcy case (the "Case"), Plaintiff is uncertain as to proper payment of the Note and may be exposed to double liability unless payments for such amounts are paid into the registry of the Court and the correct payee is determined by the Court.

### II. PERTINENT FACTS

On or about June 8, 2023, Plaintiff entered into an agreement (the "APA") with HK Lane Palm Desert, Inc. (the "Debtor") and HKLLQ to purchase certain assets of the combined entities. Jackson Decl. ¶ 2. As part of consideration for the APA, Plaintiff executed the Note, which provides payment only to non-debtor HKLLQ. Jackson Decl. ¶ 3; Ex. A.

Under the Note, quarterly payments are to be made by Plaintiff to HKLLQ on January 31, April 30, July 31, and October 31 of each year, beginning October 31, 2023, and with a final payment due on May 31, 2028. Jackson Decl. ¶ 4. The amount of the quarterly payment is based on a formula set forth in the Note and the APA. Calculation of the formula may be performed and thereby the precise amount due for each upcoming quarterly payment determined approximately two to three weeks before payment is due. Jackson Decl. ¶ 5.

Plaintiff has determined that on January 31, 2026, $23,290.02 becomes due and payable under the Note. Jackson Decl. ¶ 6. Under the terms of the Note, if a payment comes due on a weekend or Holiday, the payment is due on the next business day. Note § 3.34. Plaintiff has a five-day grace period after the due date to make payment. Note § 4.1. Accordingly, Plaintiff has until February 9, 2026 to make the January 31, 2026 payment.

4924-8032-2184.2

Miller Nash LLP
Attorneys at Law
Long Beach

- 5 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

Plaintiff has received competing demands for payment. The Trustee has initiated an investigation into the APA and Note which has resulted in, to date, a 2004 Examination of a representative of Plaintiff. Kornberg Decl. ¶ 4. Plaintiff, out of concern, inquired with the Trustee if the Trustee will "make any claim" on the ongoing payments to HKLLLQ. Kornberg Decl. ¶ 5, Ex. A. The Trustee, in response, stated that "it appears the total sale proceeds were allocated in a manner that harmed HK Lane Palm Desert, Inc. and benefitted HK Lane La Quinta, Inc." Kornberg Decl. ¶ 5, Ex. A. The Trustee has made clear that his investigation is ongoing and that no final decision on litigation has been made, but has not withdrawn his potential claim on the funds. Kornberg Decl. ¶¶6-7. Ex. B.

Plaintiff has also communicated with HKLLQ regarding the Trustee's claim. Kornberg Decl. ¶8. When Plaintiff requested the parties stipulate to deposit funds with the Court, HKLLQ informed Plaintiff that if payments are not timely made to HKLLQ, it intends to immediately accelerate the Note and sue for damages. Kornberg Decl. ¶ 8, Ex. C.

Plaintiff is a disinterested stakeholder and has no beneficial interest in the disputed funds, other than to pay them to the party legally entitled thereto. Plaintiff cannot safely determine to whom the payments should be made without risking double liability. Jackson Decl. ¶ 7. Plaintiff stands ready, willing, and able to deposit into the registry of this Court the disputed amounts presently due and to continue depositing future installments as they come due, pending further order of the Court. ¶ 8.

### III.    ARGUMENT

A.    **The Court Should Grant Plaintiff's Request to Deposit Note Payments**

Bankruptcy Rule 7022 incorporates Rule 22 of the Federal Rules of Civil Procedure (the "Rules"), which provides:

> (a) Grounds.
>
> (1) *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

Miller Nash LLP
Attorneys at Law
Long Beach

4924-8032-2184.2

- 6 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

>     (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>
>     (B) the plaintiff denies liability in whole or in party to any or all of the claimants.

Here, Plaintiff has received competing claims for the payments due under the Note and is exposed to double liability. Plaintiff therefore seeks and is entitled to relief permitting Plaintiff to deposit such amounts into the registry of the Court pursuant to Rule 67.

Bankruptcy Rule 7067 incorporates Rule 67, which provides in pertinent part:

> **(a) Depositing Property.** If any part of the relief sought is . . . the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

"Rule 67 enables a party to be relieved of responsibility for a disputed fund, while the parties litigate ownership of the fund." *Methven and Assocs. v. Paradies-Stroud*, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014). "The question of whether or not to grant a Rule 67 motion is a matter committed to the Court's discretion." *Id.* (citing *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987), *modified on other grounds*, 831 F.2d 557 (5th Cir. 1987)).

That the Trustee has not yet brought suit or finally determined whether a fraudulent transaction occurred is not a bar to interpleader. Interpleader is appropriate so long as "a stakeholder [has] a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). "This is not an onerous requirement" and is met so long as "the stakeholder's concern in this regard be more than conjectural." *Id*. A higher bar would "conflict with interpleader's pragmatic purpose, which is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.* (cleaned up).

Plaintiff has properly requested to deposit the Note payments with the Court on notice to all claimaints, and the Court, in exercise of its discretion, should grant Plaintiff's request.

4924-8032-2184.2

Miller Nash LLP
Attorneys at Law
Long Beach

- 7 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

B. **The Court Should Grant Plaintiff's Request For Discharge**

As a disinterested interpleader, Plaintiff should be discharged from liability with respect to Note payments so deposited pursuant to 28 U.S.C. § 2361, which provides:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

"A court may discharge an interpleader plaintiff from further liability after it deposits the disputed property with the court and where it has no interest in the disputed property or how claimants might want to divide the disputed property." *See In re 1563 28th Ave., San Francisco, CA 94112*, 333 F.R.D. 630, 635 (N.D. Cal. 2019) (citing 28 U.S.C. § 2361); *Am. Gen. Life Ins. Co. v. Hart*, 2017 WL 1370721, at *2 (N.D. Cal. Apr. 7, 2017) ("Pursuant to 28 U.S.C. § 2361, the Court is empowered to discharge a plaintiff from further liability in any civil interpleader action.") (internal quotations and citations omitted).

Similarly, Plaintiff's request as a disinterested interpleader plaintiff to be discharged with respect to deposited Note payments is proper and should be granted. See, e.g., *In re 1563 28th Ave*, 333 F.R.D. at 636 (discharging interpleader plaintiff with respect to interpleader funds after deposit of such funds with the court).

C. **Plaintiff Reserves Its Rights to Seek Award of Attorney Fees**

As a disinterested interpleader, the Court has discretion to award attorney fees to Plaintiff. *See Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) ("Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action."). Plaintiff reserves its rights to later move the Court for award of its attorney fees and expenses incurred in connection with this proceeding.

### IV. CONCLUSION

Pursuant to Rules 22 and 67 and 28 U.S.C. § 2361, Plaintiff respectfully requests that the Court enter an order granting the Plaintiff's Motion and

A. Authorizing and directing Plaintiff to deposit into the registry of the Court the funds

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

4924-8032-2184.2

- 8 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

presently due and owing under the Note that are subject to competing claims, and permitting Plaintiff to deposit future installments under the Note as they become due, pending adjudication of entitlement;

B. |Discharging and releasing Plaintiff from all liability to Defendants with respect to the funds deposited (and any future installments deposited under Court order), and permanently enjoining Defendants from instituting or prosecuting any proceeding against Plaintiff for recovery of such funds;

C. Authorizing but not requiring Plaintiff to move for award of its attorney fees and expenses during the pendency of this proceeding;

D. Granting such other and further relief as the Court deems just and proper.

Dated: January 15, 2026                    MILLER NASH LLP

By: /s/ Bernie Kornberg
Bernie Kornberg

Attorneys for Plaintiff
WRE SoCal, Inc., d/b/a Windermere Desert Properties

4924-8032-2184.2

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

- 9 -

MOTION TO DEPOSIT AND
FOR DISCHARGE
6:25-AP-01133-SY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
605 5th Ave S, Ste 900, Seattle, WA 98104

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF MOTION FOR MOTION OF WRE SOCAL, INC. TO DEPOSIT QUARTERLY NOTE PAYMENTS AND FOR DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY JACKSON; DECLARATION OF BERNIE KORNBERG</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>1/15/2026</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com
- Jeff Katofsky    jeff@katofskylaw.com, jgroves@propertymanagers.biz
- Bernard J Kornberg    bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) <u>1/15/2026</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
- Honorable Scott H. Yun – United States Bankruptcy Court, Central District of California
  3420 Twelfth Street, Suite 345/Courtroom 302, Riverside, CA 92501-3819

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>1/15/2026</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
By Email: kdriggers@tomcaseylaw.com - Thomas Casey, counsel for Arturo Cisneros (TR)
By Fed Ex Overnight: Thomas Casey, Law Office of Thomas Casey 26400 La Alameda, Suite 210, Mission Viejo, CA 92691

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/15/2026 | Edgar Rosales | */s/Edgar Rosales* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**