MILLER NASH LLP
Bernie Kornberg
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone:    562.435.8002
Facsimile:    562.435.7967

Attorneys for Plaintiff
WRE SoCal, Inc., d/b/a Windermere Desert Properties

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| HK LANE PALM DESERT, INC.,<br><br>Debtor | Case No. 6:24-bk-13474-SY<br><br>Chapter 7<br><br>Adv No. 6:25-ap-01133-SY |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES,<br><br>Plaintiff-In-Interpleader,<br><br>v.<br><br>HK LANE LA QUINTA, INC. AND ARTURO CISNEROS, CHAPTER 7 TRUSTEE,<br><br>Defendants in Interpleader. | **DECLARATION OF ANTHONY JACKSON IN SUPPORT OF MOTION OF WRE SOCAL, INC. TO DEPOSIT QUARTERLY NOTE PAYMENTS AND FOR DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    February 5, 2026<br>Time:    9:30 a.m.<br><br>Judge:    Hon. Scott H. Yun |

I, Anthony Jackson, declare:

1.    I am the Chief Financial Office and Secretary of WRE SoCal, Inc., d/b/a Windermere Desert Properties ("Plaintiff"). I make this declaration in support of the *Motion of WRE SoCal, Inc. to Deposit Quarterly Note Payments and for Discharge* filed contemporaneously with this declaration. I have personal knowledge of the facts stated in this

declaration and am competent to testify to them.

2. On or about June 8, 2023, Plaintiff entered into an agreement (the "APA") with HK Lane Palm Desert, Inc. (the "Debtor") and HK Lane La Quinta, Inc. ("HKLLQ") to purchase certain assets of the combined entities.

3. As part of consideration for the APA, Plaintiff executed a Promissory Note dated June 9, 2023 in favor of HKLLQ (the "Note"). [A true and correct copy of the Note is attached as Exhibit A to this Declaration.]

4. Under the Note, quarterly payments are to be made by Plaintiff to HKLLQ on January 31, April 30, July 31, and October 31 of each year, beginning October 31, 2023, and with a final payment due on May 31, 2028.

5. The amount of the quarterly payment is based on a formula set forth in the Note and the APA. Calculation of the formula may be performed and thereby the precise amount due for each upcoming quarterly payment determined approximately two to three weeks before payment is due.

6. Plaintiff has determined that on January 31, 2026, $23,290.02 becomes due and payable under the Note.

7. Plaintiff is a disinterested stakeholder and has no beneficial interest in the disputed funds, other than to pay them to the party legally entitled thereto. Plaintiff cannot safely determine to whom the payments should be made without risking double liability.

8. Plaintiff stands ready, willing, and able to deposit into the registry of this Court the disputed amounts presently due and to continue depositing future installments as they come due, pending further order of the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 13, 2026                    By: _____
                                                Anthony Jackson

# EXHIBIT A

## PROMISSORY NOTE

$1,425,000   Dated to be effective as of June 9 2023

I.   COVENANT TO PAY.

1.1   Promise to Pay.  FOR VALUE RECEIVED, WRE SoCal, Inc., d/b/a Windermere Desert Properties, a California corporation (herein called "Maker", whether one or more), promises to pay to the order of HK Lane La Quinta, Inc., a California Corporation [herein, together with all subsequent holders of this Promissory Note ("Note"), called "Payee"], on or before the 31st day of May, 2028 (the "Maturity Date"), as hereinafter provided, the principal sum of One Million Four Hundred Twenty Five Thousand Dollars ($1,425,000), or so much thereof as may actually be outstanding hereunder, together with interest on the unpaid principal balance from time to time outstanding at the rate herein specified and otherwise in strict accordance with the terms and provisions hereof.

II.   INTEREST RATE COMPUTATION.

2.1   Interest Rate.  Except as otherwise provided herein, interest on the principal balance of this Note outstanding from time to time shall accrue at the lesser of (a) the Applicable Rate (as defined herein) or (b) the Maximum Lawful Rate (as defined herein).

2.2   Default Rate.  Upon the occurrence of a default hereunder, at the option of the Payee, the principal balance of this Note then outstanding shall bear interest for the period beginning with the date of occurrence of such default at the Default Rate (as defined herein).

2.3   Definitions.  As used in this Note, the following terms shall have the respective meanings indicated below:

"Applicable Rate" shall mean, at any time, a fixed rate of interest of zero percent (0%) per annum.

"Charges" shall mean all fees and charges, if any, contracted for, charged, received, taken or reserved by Payee in connection with the transactions relating to this Note and the indebtedness evidenced hereby which are treated as interest under applicable law.

"Default Rate" shall mean the Maximum Lawful Rate or, if no Maximum Lawful Rate exists, ten percent (10%) per annum.

"Maximum Lawful Rate" shall mean the maximum lawful rate of interest which may be contracted for, charged, taken, received or reserved by Payee in accordance with the applicable laws of the State of California (or applicable United States federal law to the extent that it permits Payee to contract for, charge, take, receive or reserve a greater amount of interest than under California law), taking into account all Charges made in connection with the loan evidenced by this Note and the Loan Documents.

DocuSign Envelope ID: 30E5D076-8EDD-41E4-919C-61702DD5A3A3

2.4   Interest Limitation Recoupment. Notwithstanding anything in this Note to the contrary, if at any time (i) interest at the Applicable Rate, (ii) interest at the Default Rate, if applicable, and (iii) the Charges computed over the full term of this Note, exceed the Maximum Lawful Rate, then the rate of interest payable hereunder, together with all Charges, shall be limited to the Maximum Lawful Rate.

2.5   Computation Period. Except for the computation of the Maximum Lawful Rate which shall be undertaken on the basis of a 365-day year, as the case may be, interest on the indebtedness evidenced by this Note shall be computed on the basis of a 360-day year or on such basis as is provided to Payee of the funds borrowed from Bank One and shall accrue on the actual number of days any principal balance hereof is outstanding.

III.   PAYMENTS.

3.1   Payment Schedule.

   (a)   Payment Dates. The principal amount of the Loan shall be payable in consecutive quarterly installments equal to thirteen percent (13%) of Company Dollars (as that term is defined in the Asset Purchase Agreement between Borrower and Noteholder of even date) for the quarter immediately preceding the payment (each payment is an "Installment Payment"). Installment Payments will be paid on the January 31, April 30, July 31, and October 31 of each year. The first Installment Payment made under this Note will be made on October 31, 2023. The final Installment Payment will be made on May 31, 2028. On May 31, 2028, all amounts then outstanding under this Note, including principal, accrued and unpaid interest, and any unpaid fees, shall be due and payable.

   (b)   Notwithstanding the foregoing, in the event that the dollar volume of closed sales attributable to the individual licensees who transferred from Seller to Purchaser at Closing is less than $50,000,000 in any quarter, then the Installment Payment for that quarter shall be eight percent (8%) of Company Dollars instead of 13%.

3.2   Application. Subject to the terms of Section 3.6, all payments on this Note shall, at the sole option of Payee, be applied at any time and from time to time and in any order, to the following: (i) the payment of accrued but unpaid interest hereon, (ii) the payment or reimbursement of any expenses, costs or obligations (other than the principal hereof and interest hereon) for which Maker shall be obligated or Payee entitled pursuant to the provisions hereof, and (iii) the payment of all or any portion of the principal balance then outstanding hereunder.

3.3   Place. All payments hereunder shall be wired or electronically transferred as Payee may designate to Maker.

3.4   Business Days. If any payment of principal or interest on this Note shall become due and payable on a Saturday, Sunday or any other day on which all Federal Banks are not open for normal business, such payment shall be made on the next succeeding business day. Any such extension of time for payment shall be included in computing interest which has accrued and shall be payable in connection with such payment.

PROMISSORY NOTE – Page 2

3.5    Legal Tender.  All amounts payable hereunder are payable in lawful money or legal tender of the United States of America.

3.6    Prepayment.  Maker shall have the right to prepay, at any time and from time to time without premium or penalty, the entire unpaid principal balance of this Note or any portion thereof. Any such partial prepayments shall be applied to the outstanding principal balance of the Loan.

IV.    DEFAULT AND REMEDIES.

4.1    Default.  Maker shall be in default hereunder if any default be made in the payment, in whole or in part, of any sum provided for herein when due and such default shall continue for a period of five (5) Business Days, after the due date hereof..

4.2    Remedies.  If a default shall occur pursuant to Section 4.1 above, then Payee may, at its option, without notice or demand, declare the unpaid principal balance of, and the accrued but unpaid interest on, this Note immediately due and payable, foreclose all liens and security interests securing payment hereof, pursue any and all other rights, remedies and recourses available to Payee or pursue any combination of the foregoing.  All remedies hereunder and at law or in equity shall be cumulative.

4.3    Waiver. Maker and any endorsers hereof severally waive presentment and demand for payment, notice of intent to accelerate maturity, notice of acceleration of maturity, protest and notice of protest and non-payment, bringing of suit and diligence in taking any action to collect any sums owing hereunder or in proceeding against any of the rights and collateral securing payment hereof.  Maker and any endorsers hereof agree (i) that the time for any payments hereunder may be extended from time to time without notice and consent, (ii) to the acceptance of further collateral, and/or (iii) the release of any existing collateral for the payment of this Note, all without in any manner affecting their liability under or with respect to this Note.  No extension of time for the payment of this Note or any installment hereof shall affect the liability of Maker under this Note or any endorser hereof even though the Maker or such endorser is not a party to such agreement.

4.4    No Waiver.  Failure of Payee to exercise any of the options granted herein to Payee upon the happening of one or more of the events giving rise to such options shall not constitute a waiver of the right to exercise the same or any other option at any subsequent time in respect to the same or any other event.  The acceptance by Payee of any payment hereunder that is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the options granted herein to Payee at that time or at any subsequent time or nullify any prior exercise of any such option without the express written acknowledgment of the Payee.

4.5    Collection Costs.  Maker agrees to pay all costs of collection hereof when incurred, including attorneys' fees, whether or not any legal action shall be instituted to enforce this Note.

V.    MISCELLANEOUS.

5.1    Notices.  All notices or other communications required or permitted to be given pursuant hereto shall be in writing and shall be deemed properly given if (i) mailed by first class United

PROMISSORY NOTE – Page 3

DocuSign Envelope ID: 30E5D076-8EDD-41E4-919C-61702DD5A3A3

States mail, postage prepaid, registered or certified with return receipt requested, (ii) by delivering same in person to the intended addressee, or (iii) by delivery to an independent third party commercial delivery service for same day or next day delivery and providing for evidence of receipt at the office of the intended addressee.  Notice so mailed shall be effective three (3) days after its deposit with the United States Postal Service or any successor thereto; notice sent by such a commercial delivery service shall be effective upon delivery to the addressee; notice given by personal delivery shall be effective only if and when received by the addressee; and notice given by other means shall be effective only if and when received at the designated address of the intended addressee.  Either party shall have the right to change its address for notice hereunder to any other location within the continental United States by the giving of thirty (30) days' notice to the other party in the manner set forth herein.  For purposes of such notices, the addresses of the parties shall be as follows:

>Payee:
>
>HK Lane La Quinta, Inc
>c/o Jeff Katofsky, Esq.
>4558 Sherman Oaks Ave.
>Sherman Oaks CA 91403
>Email: Jeff@katofskylaw.com
>
>
>Maker:
>
>WRE Socal, Inc d/b/a Windermere Desert Properties
>73-725 El Paseo
>Palm Desert, CA 92260
>Email: lacey.williams@windermere.com

5.2    Governing Law.  THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA AND THE APPLICABLE LAWS OF THE UNITED STATES OF AMERICA.  THIS NOTE IS PERFORMABLE IN LOS ANGELES COUNTY, CALIFORNIA.  Any action or proceeding under or in connection with this Note against Maker or any other party ever liable for payment of any sums of money payable on this Note may be brought in any state or federal court in Indio County, California. Maker and each such other party hereby irrevocably (i) submits to the nonexclusive jurisdiction of such courts, and (ii) waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court or that such court is an inconvenient forum.

5.3    Interest Limitation.  It is expressly stipulated and agreed to be the intent of Maker and Payee at all times to comply with the applicable California law governing the maximum rate or amount of interest payable on this Note or the indebtedness evidenced hereby  (or applicable United States federal law to the extent that it permits Payee to contract for, charge, take, reserve or receive a greater amount of interest than under California law).  If (i) the applicable law is ever judicially interpreted so as to render usurious any amount called for under this Note, or contracted

PROMISSORY NOTE – Page 4

for, charged, taken, reserved or received with respect to the indebtedness evidenced by this Note, or (ii) Payee's exercise of the option herein contained to accelerate the maturity of this Note or any prepayment by Maker results in Maker having paid any interest in excess of that permitted by applicable law, then it is Maker's and Payee's express intent that (a) all excess amounts theretofore collected by Payee be credited on the principal balance of this Note (or, if this Note has been or would thereby be paid in full, refunded to Maker), and (b) the provisions of this Note immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new document, so as to comply with the applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder.  All sums paid or agreed to be paid to Payee for the use, forbearance and detention of the indebtedness evidenced hereby shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the rate or amount of interest on account of such indebtedness does not exceed the usury ceiling from time to time in effect and applicable to such indebtedness for so long as debt is outstanding. Notwithstanding anything to the contrary contained herein, it is not the intention of Payee to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration.

5.4     Captions.  The article and section headings used in this Note are for convenience of reference only and shall not affect, alter or define the meaning or interpretation of the text of any article or section contained in this Note.

5.5     Joint and Several Liability.  If this Note is executed by more than one party, each such party shall be jointly and severally liable for the obligations of Maker under this Note.

5.6     NO ORAL AGREEMENTS.  THIS NOTE EMBODIES THE FINAL, ENTIRE AGREEMENT OF MAKER AND PAYEE AND SUPERSEDE ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THE SUBJECT MATTER HEREOF AND THEREOF AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF MAKER AND PAYEE.  THERE ARE NO ORAL AGREEMENTS BETWEEN MAKER AND PAYEE.  The provisions of this Note may be amended or revised only by an instrument in writing signed by the respective parties to such document.

5.7.    Severability. If any term or provision of this Note is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Note or render such term or provision invalid or unenforceable in any other jurisdiction.

INTENTIONALLY LEFT BLANK

PROMISSORY NOTE – Page 5

5.8     Counterparts. This Note and any amendments, waivers, consents, or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all of which taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page to this Note by facsimile or in electronic ("pdf" or "tif") form shall be deemed at shall be as effective as delivery of a manually executed counterpart of this Note.

EXECUTED as of the date and year first above written.

DATE: 6/8/2023 _____

MAKER:

WRE SoCal, Inc., d/b/a Windermere Desert Properties

By _____
   *DocuSigned by: Geoffrey P. Wood*
   E9DEB28D3934401...

Name: Geoff Wood

Title: Chief Executive Officer