Jeff Katofsky, Esq. (SBN 138773)
jeff@katofskylaw.com
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403 – Tel: 818-990-475

Attorneys for Defendant In Interpleader:
HK LANE LA QUINTA, INC.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| HK LANE PALM DESERT, INC.<br><br>Debtor,<br>―――――――――――――――<br>WRE SOCAL INC. D/B/A WINDERMERE DESERT PROPERTIES<br><br>Plaintiff-In-Interpleader<br><br>v.<br><br>HK LANE LA QUINTA, INC. AND ARTURO CISNEROS, CHAPTER 7 TRUSTEE,<br><br>Defendants in Interpleader | Case #: 6:25-ap-01133-SY<br><br>DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS PLAINTIFF-IN-INTERPLEADER WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES FIRST AMENDED COMPLAINT IN INTERPLEADER PURSUANT TO FRCP 12(b)(1) AND 12(B)(6); DECLARATION OF JEFF KATOFSKY; EXHIBITS |

**PLEASE TAKE NOTICE THAT** Defendant in Interpleader, HK Lane La Quinta, Inc., ("Defendant") will, and hereby does, move for an order dismissing Plaintiff-in-Interpleader Windermere Desert Properties Complaint in Interpleader.

The First Amended Complaint must be dismissed under FRCP 12(b)(1) where the Court lacks subject-matter jurisdiction, including where no justiciable controversy exists. Alternatively, the complaint must be dismissed under FRCP 12(b)(6) where it fails to state a claim upon which

| DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT | 1 | |
|---|---|---|

1 | relief can be granted.

2 |     This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Jeff Katofsky, Esq. in support, exhibits attached thereto, the court file and oral arguments presented at the time of the hearing on the within motion.

DATED: February 23, 2026

KATOFSKY LAW

By: _____
Attorney for Defendant in Interpleader
HK LANE LA QUINTA, INC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff WRE SoCal, Inc. ("Plaintiff") filed this adversary proceeding asserting a claim for interpleader based on the allegation that it received "competing and adverse demands" from HK Lane La Quinta, Inc. ("HKLLQ") and the Chapter 7 Trustee for payments allegedly due under a promissory note. That allegation is demonstrably false based on Plaintiff's own pre-filing correspondence.

As the Trustee made unequivocally clear before the Complaint was filed, the Trustee has not made a demand for payment, has not asserted a claim to the note payments, and has not taken a position regarding entitlement to the funds. Instead, the Trustee merely advised Plaintiff that he was conducting a statutory investigation and reserved his rights under the Bankruptcy Code. Plaintiff nonetheless filed this action, falsely as a statutory matter of right, alleging adverse demands and seeking sweeping relief that would improperly restrain the Trustee's statutory duties. Further, this Court has already denied Windermere Desert Properties ("Windermere") motion to deposit quarterly payments and for discharge order, (Docket No. 22) underscoring that Windermere is not entitled to seize control of the Note through piecemeal deposits. Because interpleader requires actual, existing adverse claims, Windermere refuses to deposit the entire amount, and because this Court lacks jurisdiction to enjoin or "discharge" a bankruptcy trustee from future statutory causes of action the Complaint must be dismissed.

### II. FACTUAL BACKGROUND

Prior to filing the Amended Interpleader Complaint, Plaintiff's counsel and counsel for the Trustee exchanged extensive written correspondence. On December 22, 2025, Trustee's counsel expressly stated (1) the Trustee **has not made a demand for payments** under the note (2) **has not asserted a claim** to those payments; and (3) Trustee's investigation remains ongoing pursuant to his statutory duties. [Declaration of Jeff Katofsky ("Jeff Decl.") ¶ 3, Exh. "A".] Trustee's counsel further warned that Plaintiff's assertion of "competing and adverse demands" would be false if

pled. ("Jeff Decl. ¶ 3, Exh. "A"). Despite this, Plaintiff filed Amended the Interpleader Complaint alleging: "Plaintiff has received competing and adverse demands… from (a) HKLLQ… and (b) the Trustee asserting that payments should be made to or for the benefit of the Debtor's bankruptcy estate." (Interpleader First Amended Complaint ("FAC") ¶ 12.) All of this is false. That allegation directly contradicts the written record. Plaintiff's counsel later conceded in writing that if the Trustee was "not making any claim on the funds," dismissal would be appropriate but nevertheless filed the FAC anyway. ("Jeff Decl. ¶ 3, Exh. "A").

### III. LEGAL STANDARD

A first amended complaint must be dismissed under FRCP 12(b)(1) where the Court lacks subject-matter jurisdiction, including where no justiciable controversy exists. A complaint must be dismissed under FRCP 12(b)(6) where it fails to state a claim upon which relief can be granted, including where essential elements of the cause of action are absent or contradicted by judicially noticeable facts.

### IV. ARGUMENT

**A. The First Amended Complaint Must Be Dismissed Because No Actual or Existing Adverse Claims Exist**

Interpleader is an extraordinary equitable remedy available only where a stakeholder faces actual, existing, and competing adverse claims to the same fund. *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978). A speculative, hypothetical, or contingent possibility of a future claim is insufficient. The stakeholder's fear of multiple liability must be real and reasonable not conjectural. *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

Here, Plaintiff alleges that it received "competing and adverse demands" from HKLLQ and the Chapter 7 Trustee. That allegation is flatly contradicted by the written record and fails as a matter of law. Before this action was filed, the Trustee expressly advised Plaintiff's counsel that (1) the Trustee has not made a demand for payments under the note (2) has not asserted a claim to those payments; and (3) Trustee's investigation remains ongoing pursuant to his statutory duties.

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT

4

A party that has not asserted entitlement to the stake and has expressly disclaimed any present claim is not an adverse claimant for purposes of interpleader. *Indianapolis Colts v. Mayor of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984). Because the Trustee has not asserted a claim to the funds, Plaintiff faces no risk of multiple liability, and the interpleader claim fails as a matter of law.

**B. The Complaint Is Not Ripe and Fails to Present a Justiciable Case or Controversy**

Article III jurisdiction requires a concrete and ripe dispute. Claims based on contingent future events that may never occur are non-justiciable. *Texas v. United States*, 523 U.S. 296, 300 (1998).

Here, Plaintiff seeks judicial relief based on nothing more than the Trustee's statutory obligation to investigate and his reservation of rights. That is not a ripe controversy. The FAC therefore must be dismissed without leave to amend.

**C. Interpleader Cannot Be Used to Enjoin or "Discharge" a Bankruptcy Trustee From Statutory Duties**

Plaintiff seeks an order discharging it from "any further liability" and enjoining the Trustee from prosecuting future actions. This relief is legally impermissible. A Chapter 7 trustee's duties arise directly from statute and include investigating the debtor's financial affairs and pursuing avoidance or recovery actions where appropriate. 11 U.S.C. § 704.

Courts have repeatedly held that interpleader cannot be used to strip a trustee of these duties or immunize a party from future Bankruptcy Code claims: A trustee's powers and duties arise from statute and cannot be contractually or equitably stripped away. See *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008).

Plaintiff's requested relief exceeds the scope of interpleader and invades core bankruptcy functions. The Complaint must therefore be dismissed, or at minimum, the improper relief stricken.

**D. Plaintiff's Attempt to Use a Single Installment to Seize Court Control Over All Future Payments Is Improper and Requires Dismissal**

Even assuming arguendo that a single installment payment could support interpleader (it cannot here), Plaintiff's FAC goes far beyond any permissible scope by attempting to bring all future payments under the Note through May 2028 within this Court's control. Interpleader is limited to

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT

5

specific, presently disputed funds. It may not be used to adjudicate or restrain rights to future, unmatured obligations, particularly where no competing claim has been asserted.

Courts consistently reject efforts to use interpleader as a mechanism to obtain blanket relief over future payments.

> "As a general rule, when a sum of money is involved, a district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants. Section 1335 gives the district courts jurisdiction over such actions when a stakeholder has in his possession money or property 'of the value of $500 or more,' if 'two or more * * * claimants * * * are claiming or may claim to be entitled to such money or property' and if the stakeholder 'has deposited such money * * * into the registry of the court.' This language means that the court will not have jurisdiction in an action of interpleader unless the stakeholder has deposited the entire sum in its possession which the claimants claim. See New York Life Ins. Co. v. Lee, 9 Cir., 232 F.2d 811, 814-815; Austin v. Texas-Ohio Gas Co., 5 Cir., 218 F.2d 739, 745; Westinghouse Elec. Corp. v. United Elec. Corp., 3 Cir., 194 F.2d 770, 772; John Hancock Mut. Life Ins. Co. v. Yarrow, D.C.W.D. Pa., 95 F.Supp. 185, 187; Connecticut General Life Ins. Co. v. Yaw, D.C.W.D.N.Y., 53 F.2d 684."

Metal Transp. Corp. v. Pac. Venture S. S. Corp., 288 F.2d 363, 365 (2d Cir. 1961)

Because Plaintiff has not deposited the full amount allegedly in dispute, the Court lacks jurisdiction to grant the relief requested. (Interpleader Complaint ¶ 9-14.) Interpleader cannot be used to obtain global immunity while retaining control over future obligations. The FAC merely states that Windermere "stands ready" to deposit the amounts presently due and to continue depositing future installments. Readiness is not deposit. The Court has already denied Windermere's prior motion to deposit quarterly payments and obtain discharge. The FAC is an attempt to repackage the same relief through amended pleading. Plaintiff must be required to deposit the entire amount allegedly in controversy as a prerequisite to proceeding.

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT

6

### E. Ninth Circuit Legal Authority Supports the Position that WRE Socal May Not Use Interpleader to eliminate the estate's substantive recovery rights under § 550

Section 550 of the Bankruptcy Code authorizes a trustee to recover the full value of property fraudulently transferred from the debtor's estate. 11 U.S.C. § 550(a). Under Ninth Circuit authority, initial transferees of avoidable transfers are subject to strict liability. *In re Lucas Dallas, Inc.*, 185 B.R. 801, 808 (B.A.P. 9th Cir. 1995) (citing *Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544, 547 (9th Cir. 1991) (holding that "the trustee's power to recover from initial transferees under section 550(a)(1) is absolute")).

If WRE SoCal's Motion is granted, the Trustee's statutory authority and corresponding fiduciary duty to pursue recovery under § 550 would effectively be nullified. Such a result would severely prejudice both the estate and its creditors. Notably, WRE SoCal has cited no bankruptcy authority holding that an interpleader action may be used to extinguish or limit a trustee's independent recovery rights under § 550.

As a potential "initial transferee" of an avoidable transfer under the APA, WRE SoCal is subject to strict liability for the full value of the Debtor's transferred assets. Interpleader serves a far narrower purpose. The stake deposited with the court defines the outer limits of a stakeholder's exposure only where the sole contested issue is the claimants' entitlement to that stake. However, where the stakeholder may be independently liable to one or more claimants, interpleader does not shield the stakeholder from tort liability or from liability exceeding the stake.

This distinction was made clear by the Ninth Circuit in *Lee*. There, an insurer negligently mishandled a transfer of ownership of a life insurance policy. After the insured's death, competing claims arose. The insurer filed an interpleader action, and the claimants ultimately resolved their dispute over the policy proceeds. The remaining issue was whether the insurer's negligence had caused additional damages. The Ninth Circuit held that interpleader does not shield a negligent stakeholder from independent tort liability and allowed those claims to proceed.

The same principle applies here. Where independent claims exist against the stakeholder that is, where the entitlement to the deposited fund is not the sole contested issue interpleader does not bar those claims and cannot be used to extinguish them. This limitation has long been

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA,
INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A
WINDERMERE DESERT PROPERTIES AMENDED
COMPLAINT

7

recognized in the Ninth Circuit. As courts have explained, the purpose of interpleader is to protect the stakeholder from multiple liability over a specific fund, not to alter or destroy substantive rights held by claimants.

The Supreme Court confirmed this principle in *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967), holding that interpleader was never intended to function as a mechanism to extinguish independent claims or to cap a stakeholder's liability at the amount of the deposited fund. To hold otherwise would transform interpleader into a "get-out-of-jail-free card," shielding wrongdoers from liability for their own misconduct and improperly limiting their total financial exposure to the value of the stake.

Accordingly, interpleader does not shield a purported stakeholder from liability arising out of its own participation in a fraudulent transfer. The Court's jurisdiction in an interpleader action is limited to adjudicating rights to the identifiable fund; it does not extend to enjoining or extinguishing independent statutory claims seeking recovery of the full value of transferred property under 11 U.S.C. § 550.

For these reasons, and under binding Ninth Circuit authority, WRE SoCal's interpleader can alter or eliminate the estate's substantive recovery rights under § 550.

## IV.    CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's interpleader action without leave to amend or alternatively, if denied Plaintiff must be required to deposit the entire amount allegedly in controversy as a prerequisite to proceeding.

DATED: February 23, 2026

KATOFSKY LAW

By: _____
Attorney for Defendant in Interpleader
HK LANE LA QUINTA, INC.

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT

8

## DECLARATION OF JEFF KATOFSKY, ESQ.

1. I am an attorney at law licensed to practice in the State of California and am the principal of Katofsky Law, attorney for Defendant in Interpleader, HK Lane La Quinta, Inc ("Debtor") in this action. The facts stated herein are true of my own knowledge, and if called as a witness to testify I could and would competently testify thereto.

2. I hereby submit this Declaration in support of HK Lane La Quinta, Inc's Motion to Dismiss Plaintiff in Interpleader's Complaint.

3. From December 22, 2025 through December 24, 2025 several emails were exchanged considering Plaintiff In Interpleader's Complaint. A true and correct copy is attached hereto as **Exhibit A.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 20th day of February 2026 at Sherman Oaks, California.

_____
Jeff Katofsky, Esq.

DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT | 9

# EXHIBIT A

Wednesday, January 14, 2026 at 10:03:57 AM Pacific Standard Time

**Subject:** In re HK Lane
**Date:** Thursday, October 30, 2025 at 3:20:18 PM Pacific Daylight Time
**From:** Tom Casey <tomcasey@tomcaseylaw.com>
**To:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**CC:** Jeff Katofsky <jeff@katofskylaw.com>

Bernie,

I add one more point to my below email. By your below email dated October 24, 2025 to me you asked "…do we need the deposition, or would you like to make a demand on us…." As you know, I did not make a demand on your client despite your invitation to do so.

Tom

For more information about The Law Office of Thomas H. Casey, Inc., please log on to https://tomcaseylaw.com

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Phone: (949) 766-8787, ext. 102
Fax:   (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

**From:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Sent:** Friday, October 24, 2025 3:29 PM
**To:** Tom Casey <tomcasey@tomcaseylaw.com>
**Cc:** Marissa Silva <msilva@tomcaseylaw.com>; Ledgerwood, Garrett <Garrett.Ledgerwood@MillerNash.com>
**Subject:** RE: Windemere

Tom,

We're still working on the payment issue, but as to the deposition, we cannot do November 11. We can offer Nov 25, or Dec 1, Dec 2. My personal preference would be the two December dates, but wanted to try to offer some flexibility.

1 of 3

Again, we'd like to avoid a deposition and litigation, but it sounds like the Trustee may believe he has claims. If so, do we need the deposition, or would you like to make a demand on us and I can discuss with the client.

Bernie

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct:* 562.247.7622 | *Office:* 562.435.8002
Email | Bio | Insights | Website

*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website* **please click this link.**

**From:** Tom Casey
**Sent:** Thursday, October 30, 2025 3:01 PM
**To:** 'Kornberg, Bernie' <bernie.kornberg@millernash.com>
**Cc:** 'Jeff Katofsky' <jeff@katofskylaw.com>
**Subject:** In re HK Lane

Bernie,
This email confirms what I told you moments ago on our phone call as follows:
1. The Trustee has not filed suit against Windemere at this time;
2. On behalf of the Trustee of the Windemere bankruptcy estate I continue to investigate the Trustee's potential causes of action through the Bankruptcy Rule 2004 examination process. As you recall Windemere has produced documents to me and the Trustee's 2004 exam of Windemere was continued by stipulation to December 1, 2025; and
3. The Trustee has not requested Windemere file an interpleader action.

Tom Casey

**For more information about The Law Office of Thomas H. Casey, Inc., please log on to**
https://tomcaseylaw.com

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691

2 of 3

Phone: (949) 766-8787, ext. 102
Fax:    (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

Monday, December 29, 2025 at 8:52:46 AM Pacific Standard Time

**Subject:** RE: In re HK Lane Palm Desert, Inc.; Interpleader Complaint Filed Against Bankruptcy Trustee A. Cisneros
**Date:** Wednesday, December 24, 2025 at 8:43:04 AM Pacific Standard Time
**From:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**To:** Tom Casey <tomcasey@tomcaseylaw.com>
**CC:** Jeff Katofsky <jeff@katofskylaw.com>

Tom,

I think we're speaking at cross-purposes. I am not seeking to do any of these things. Lets have a call after Christmas to discuss.

Thanks,

Bernie

Bernie Kornberg
Partner

Miller Nash LLP
140 Golden Shore Ste 130 | Long Beach CA 90802
Direct 562.247.7622 | Office 562.435.8002
Email | Bio | Insights | Website

Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: **please click this link**.

**From:** Tom Casey <tomcasey@tomcaseylaw.com>
**Sent:** Tuesday, December 23, 2025 5:52 PM
**To:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Cc:** Jeff Katofsky <jeff@katofskylaw.com>
**Subject:** In re HK Lane Palm Desert, Inc.; Interpleader Complaint Filed Against Bankruptcy Trustee A. Cisneros

[EXTERNAL MESSAGE: This email originated from outside of the firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Bernie Kornberg with copy to Jeff Katofsky,
I am in receipt of your below email. Respectfully, the Trustee maintains his position stated in my below email. Your below email cites to legal authority that is not persuasive legal authority for a number of reasons. The Bankruptcy Code applies and trumps your cited legal authority. The Lincoln National case is not a bankruptcy case and does not involve the Bankruptcy Code or a bankruptcy trustee. Your below email and your citation to one case from the State of Washington do not address key terms of the Bankruptcy Code and the statutory

mandate of a bankruptcy trustee's statutory duty per Section 704. Please provide legal authority providing that:

1. An interpleader action can strip a bankruptcy trustee of his statutory duties per Section 704 to investigate and if appropriate, file causes of action for the benefit of creditors;
2. An interpleader action can enjoin a bankruptcy trustee from filing a potential cause of action against a potential defendant before a bankruptcy trustee completes his investigation per his rights under FRBP 2004;
3. An interpleader action can ignore Section 550 and enjoin a bankruptcy trustee from filing a potential cause of against a potential defendant who received all of the Debtor's assets and who may have received them without exchanging reasonably equivalent value; and
4. An interpleader action can ignore several sections of the Bankruptcy Code including Section 550 and discharge from all liability a potential defendant when that defendant received all of the Debtor's assets and may be an initial transferee per Section 550.

Tom

For more information about The Law Office of Thomas H. Casey, Inc., please log on to
https://tomcaseylaw.com

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Phone: (949) 766-8787, ext. 102
Fax:   (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

**From:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Sent:** Tuesday, December 23, 2025 1:25 PM
**To:** Tom Casey <tomcasey@tomcaseylaw.com>
**Cc:** jeff@katofskylaw.com; Piper, Josh <Josh.Piper@MillerNash.com>
**Subject:** RE: In re HK Lane Palm Desert, Inc.; Complaint Filed Against Bankruptcy Trustee A. Cisneros

Tom and Jeff,

As Tom has noted, we have filed the interpleader complaint as this matter seems to be continuing without an immediate resolution and the next payment is coming due at the end of January. Service is being effected per Code today, but attached are courtesy copies of the complaint package.

As to Tom's comments:

As to 1, if I am incorrect and the Trustee is not making any claim on the funds, then I will prepare a stipulation to that effect which will result in a dismissal of the adversary proceeding. Please advise if that is the case, and I will have that drafted shortly after Christmas. If the Trustee is not willing to stipulate, then it appears that the Trustee is in fact taking the position that if he is not making a claim on the funds now, he may in the future, which is sufficient for an interpleader claim. See Lincoln Nat'l Life Ins. Co. v. Ridgway, 293 F. Supp. 3d 1254, 1260 (W.D. Wash. 2018).

As to 2, the interpleader complaint only seeks a discharge as to funds deposited and does not seek to adjudicate issues outside of that. So this objection is equally unwarranted. I will also note that once again the Trustee is stating he reserves the right to make a claim to the funds at issue, which once again is the entire basis for interpleader.

Please note that I find the Trustee's continued objections baffling here. All we propose to do is take the money and put it in deposit with the Court, something that generally most parties who may make a claim on funds prefer. Regardless, the law clearly allows such an interpleader action. Should you bring Rule 9011 sanctions, we will seek prevailing fees under Rule 9011(c)(2)(c)

Bernie

Bernie Kornberg
Partner

Miller Nash LLP
340 Golden Shore, Ste 450 | Long Beach, CA 90802
Direct: 562.247.7622 | Office: 562.435.2002
Email | Bio | Insights | Website

Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website, please click this link

CONFIDENTIALITY NOTICE: This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

**From:** Tom Casey <tomcasey@tomcaseylaw.com>
**Sent:** Monday, December 22, 2025 2:40 PM
**To:** Kornberg, Bernie <Bernie.Kornberg@MillerNash.com>
**Cc:** jeff@katofskylaw.com
**Subject:** In re HK Lane Palm Desert, Inc.; Complaint Filed Against Bankruptcy Trustee A. Cisneros

[EXTERNAL MESSAGE: This email originated from outside of the firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Bernie Kornberger with a copy to Jeff Katofsky,

I am in receipt of the attached Interpleader Complaint you filed on behalf of Windemere naming the Bankruptcy Trustee and HK Lane La Quinta, Inc. as Defendants. Your interpleader Complaint violates Rule 9011 on at least two grounds:

1. Your Interpleader Complaint falsely states at paragraph 12 ""Plaintiff has received competing and adverse demands for the January 31, 2026 payment, and all future payments due under the Note from (a) HKLLQ asserting entitlement to all payments due under the Note and (b) the Trustee asserting that payments should be made to or for the benefit of the estate." Paragraph 17 is also false and alleges the Trustee has made claims to the payments due under the Note. Per my prior email communications to you I clearly advised you the Bankruptcy Trustee has not made such a demand upon Windemere.

2. The Interpleader Complaint at paragraph 20 alleges upon deposit of the funds in the Court registry Plaintiff Windemere should be discharged from any further liability to the Defendants and an injunction should be issued against the Trustee and HK Lane La Quinta, Inc restraining them from prosecuting any action against Plaintiff Windemere. The Trustee has a statutory and fiduciary duty to prosecute future, potential causes of action against Plaintiff Windemere and related parties if the Trustee finds in the future such causes of action to be appropriate. Again, the Trustee has not made that determination and his investigation in ongoing. Paragraph 20 is not warranted in law or fact. No basis in law or fact exists for your requested relief of a "discharge" and for an injunction against the Trustee enjoining him from filing future potential causes of action per his statutory duty if the Trustee finds it appropriate to do so.

Your Complaint violates Rule 9011. If the Interpleader Complaint is not immediately dismissed the Bankruptcy Trustee will seek the appropriate legal redress against you and your Plaintiff client per Rule 9011.
Tom Casey

**For more information about The Law Office of Thomas H. Casey, Inc., please log on to**
https://tomcaseylaw.com

Thomas H. Casey
The Law Offices of Thomas H. Casey, Inc.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Phone: (949) 766-8787, ext. 102
Fax:    (949) 766-9896

*Confidentiality Notice: The information in this e-mail message, including any files or documents attached hereto, is confidential and intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (949)766-8787 and return the original message to the sender at the above address. Nothing in this communication is intended to operate as an electronic signature under applicable law.*

# PROOF OF SERVICE

COUNTY OF LOS ANGELES    )
                         ) ss.
STATE OF CALIFORNIA      )

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 4558 Sherman Oaks Avenue, Sherman Oaks, CA 91403.

    On 2/23/2026, I served the foregoing document described as DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS PLAINTIFF-IN-INTERPLEADER WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES FIRST AMENDED COMPLAINT IN INTERPLEADER PURSUANT TO FRCP 12(b)(1) AND 12(B)(6)
as follows:

**XX ELECTRONIC MAIL:** by sending a PDF copy of the above-referenced document to the e-mail addresses listed on the caption of parties' pleadings as follows:

Bernard J Kornberg
Miller Nash LLP
*bernie.kornberg@millernash.com*

Thomas Casey
The Law Offices of Thmas H. Casey, Inc.
*tomcasey@tomcaseylaw.com*

**XX U.S. MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 2/23/2026, at Sherman Oaks, California.

                                            Shant Vayvayan

| DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.S MOTION TO DISMISS WRE SOCAL, INC D/B/A WINDERMERE DESERT PROPERTIES AMENDED COMPLAINT | 10 | |
|---|---|---|