**MILLER NASH LLP**
Bernie Kornberg (SBN 252006)
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Attorneys for Attorneys for Plaintiff and Cross-
Defendant WRE SoCal, Inc., d/b/a Windermere Desert
Properties

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:24-bk-13474-SY |
| HK LANE PALM DESERT, INC., | Chapter 7 |
| Debtor. | Adv. Proc. No. 6:25-ap-01133-SY |
| WRE SOCAL, INC., D/B/A WINDERMERE DESERT PROPERTIES, <br><br> Plaintiff-in-Interpleader, <br><br> v. <br><br> HK LANE LA QUINTA, INC. and ARTURO CISNEROS, CHAPTER 7 TRUSTEE, <br><br> Defendants-in-Interpleader. | **PLAINTIFF-IN-INTERPLEADER WRE SoCAL, INC.'S LIMITED OPPOSITION TO DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN INTERPLEADER** <br><br> Date: August 13, 2026 <br> Time: 10:00 a.m. <br> Courtroom: 302 <br> Place: 3420 Twelfth Street, Riverside, CA 92501 |
| AND RELATED CROSS-ACTION | Hon. Scott H. Yun |

Plaintiff-in-Interpleader WRE SoCal, Inc., d/b/a Windermere Desert Properties ("WRE"),

submits this limited opposition to the Motion to Dismiss the First Amended Complaint in

Interpleader (the "Motion") filed by Defendant-in-Interpleader HK Lane La Quinta, Inc.

("HKLLQ").

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

OPPOSITION TO MOTION TO DISMISS

4905-4775-0082.1

## I. THE TRUSTEE'S COUNTER-CLAIM HAS BEEN FILED

The Motion's lead argument is that the First Amended Complaint "must be dismissed because no actual or existing adverse claims exist." Motion at p.4. HKLLQ premised that argument entirely on pre-filing correspondence in which the Trustee's counsel stated, in December 2025, that the Trustee had "not made a demand for payments under the note," had "not asserted a claim to those payments," and was still investigating. Motion at p.4. From that, HKLLQ argued that WRE faced no risk of multiple liability and that the interpleader failed as a matter of law. Motion at p.5.

Whatever force that argument had when the Motion was filed on February 23, 2026, it no longer holds. On April 20, 2026, the Trustee filed a Counter-Claim against WRE in this same adversary proceeding, asserting that the transfer effected through the Asset Purchase Agreement and the Note is avoidable and recoverable for the estate under 11 U.S.C. §§ 548 and 550, seeking a monetary judgment against WRE, and seeking a declaration that the Asset Purchase Agreement is void. Dkt. #35. Through that pleading, the Trustee now claims entitlement to the very Note payments that HKLLQ contends belong solely to it. The "actual, existing, and competing adverse claims" HKLLQ said were missing are now concrete, actual, and live.

That development resolves the Motion on its own terms. Under the authorities HKLLQ itself invokes, a stakeholder need only have a good-faith, real and reasonable fear of exposure to double liability or the vexation of conflicting claims. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). Interpleader "extends to potential, as well as actual, claims," and is appropriate wherever the stakeholder reasonably fears that there may be multiple parties with colorable adverse claims to the stake. *Id*. Two claimants now assert entitlement to the same Note payments: HKLLQ, as the named payee, and the Trustee, who seeks to recover those payments for the estate. At a minimum, the Trustee's Counter-Claim moots the factual predicate for the Motion's principal argument and its related ripeness theory, both of which rested on the premise that the Trustee had not yet asserted any claim. The Court should not dismiss the interpleader on the ground that no adverse claim exists when the record now shows the opposite.

## II.    WRE DOES NOT OPPOSE DISMISSAL WITHOUT PREJUDICE

Although the Court has jurisdiction, WRE does not oppose dismissal of its interpleader claim. WRE no longer seeks interpleader relief. After WRE filed its First Amended Complaint in Interpleader, the Chapter 7 Trustee filed a Counter-Claim against WRE and a Cross-Claim against HKLLQ, asserting claims to avoid and recover the Note payments as fraudulent transfers under 11 U.S.C. §§ 548 and 550, and seeking a declaratory judgment that the Asset Purchase Agreement is void. Dkt. #35. Due to the Counter-Claim, HKLLQ has an obligation to indemnify WRE, but has failed to do so. WRE thus no longer is obligated to make Note payments, and thus no longer requires indemnification.[1]  As such, WRE agrees to dismissal of this action without prejudice.

Because WRE does not oppose dismissal of its interpleader claim without prejudice, the Motion can be resolved by stipulation rather than by contested ruling. WRE has prepared, and will present to HKLLQ and the Trustee for execution, a stipulation dismissing the interpleader claim without prejudice, with each party to bear its own fees and costs and with the Trustee's Counter-Claim and Cross-Claim expressly preserved.

## III.  CONCLUSION

For the foregoing reasons, WRE respectfully submits that the Court has subject-matter jurisdiction over this adversary proceeding, and that the appropriate disposition is dismissal of WRE's interpleader claim without prejudice — which WRE expects to accomplish by stipulation. WRE does not oppose dismissal on that basis and requests that any dismissal be entered without prejudice and without effect on the Trustee's pending Counter-Claim and Cross-Claim.

---

[1] The facts supporting WRE's indemnification and offset rights are set forth in its answer and Counter-Complaint filed in Adv. Proc. 6:26-ap-01078, Dkt. # 6.

Dated:  July 30, 2026                          MILLER NASH LLP


By: */s/ Bernie Kornberg*
        Bernie Kornberg

        Attorneys for Plaintiff and Cross-
        Defendant WRE SoCal, Inc., d/b/a
        Windermere Desert Properties

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 340 Golden Shore, Ste 450, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled: PLAINTIFF-IN-INTERPLEADER WRE SoCAL, INC.'S LIMITED OPPOSITION TO DEFENDANT-IN-INTERPLEADER HK LANE LA QUINTA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN INTERPLEADER will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 30, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey** kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Arturo Cisneros (TR)** amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Jeff Katofsky** jeff@katofskylaw.com, jgroves@propertymanagers.biz
- **Bernard J Kornberg** bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov

Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>**
<u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 30, 2026 Bernie Kornberg | /s/ Bernie Kornberg |
|---|---|
| *Date*          *Printed Name* | *Signature* |

- 5 -                    OPPOSITION TO MOTION TO DISMISS

4905-4775-0082.1